IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Theoplas Coleman, for the Citizen of the City of Rock Hill and self, <br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>John Gettys, Mayor of Rock Hill; Derrick Lindsay; Kathy Pender; Kevin Sutton; John A. Black; Perry Sutton; Jim Reno; and Rock Hill City Council,<br><br>　　　　　　Defendants. | C/A No.: 0:23-1846-JFA-SVH<br><br><br><br>ORDER AND NOTICE |

William Theoplas Coleman ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against John Gettys, Mayor of Rock Hill; Rock Hill City Councilmembers Derrick Lindsay, Kathy Pender, Kevin Sutton, John A. Black, Perry Sutton, Jim Reno; and Rock Hill City Council ("Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.    Factual and Procedural Background

Plaintiff alleges the city council has "employed crooked judges" and the judges have violated his constitutional rights. [ECF No. 1 at 6]. He generally

alleges the city judges have been violating peoples' constitutional rights including engaging in unlawful sentencing and condoning police brutality and misconduct. *Id.* at 7. He requests 10 million dollars in damages, expungement from every charge "placed on [his] record from Rock Hill City Court," and that he be appointed as an advocate for the people of Rock Hill with an office and full access to all court proceedings. *Id.* at 8.

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by

2

attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.   Analysis

Plaintiff sues Defendants based their continuing to employ Rock Hill municipal judges. The doctrine of supervisory liability is generally inapplicable to § 1983 and *Bivens* suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization). Because Plaintiff fails to allege any specific actions or inactions against any defendant, Defendants are entitled to summary dismissal.

Additionally, Plaintiff may not proceed on behalf of others. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[T]he competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others."); *Fowler v. Lee*, 18 F. App'x 164, 165 (4th Cir. 2001); *see also Hummer*

4

v. *Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981) (holding that a pro se prisoner's suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners"). And, generally, the Fourth Circuit rejects the right of individuals to litigate pro se on behalf of others. *See Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 244 (4th Cir. 2020) ("Allowing individuals to represent themselves pro se 'reflects a respect for the choice of an individual citizen to plead his or her own cause,' but so does the bar preventing individuals without legal expertise from representing others.") (quoting *Myers v. Loudoun Cty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005)).

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **June 7, 2023**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the

district court that the claims specified above be dismissed without leave for further amendment.

IT IS SO ORDERED.

May 17, 2023
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge